Mitchell, Brewer, Richardson, Adams, Burge & Boughman, PLLC v. Brewer, 2015 NCBC 85.

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
06 CVS 6091

MITCHELL, BREWER, RICHARDSON, )
ADAMS, BURGE & BOUGHMAN; GLENN )
B. ADAMS; HAROLD L. BOUGHMAN, JR. )
and VICKIE L. BURGE, )
                Plaintiffs )
                          )
          v. )
                          )
COY E. BREWER, JR., RONNIE A. )
MITCHELL, WILLIAM O. RICHARDSON, )
and CHARLES BRITTAIN, )
                Defendants )

**OPINION, ORDER AND JUDGMENT**

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned, comes before the court upon Plaintiffs' Motion to Adopt Referee's Report ("Motion"), pursuant to the provisions of Rule 53, North Carolina Rules of Civil Procedure ("Rule(s)").  The Motion seeks entry of judgment upon a Referee's Report relative to this civil action submitted by Adams Martin & Associates, PA, a public accounting firm.

THE COURT, after reviewing the Motion, Plaintiffs' brief in support of the Motion, arguments of counsel and *pro se* Defendants, the Report and other appropriate matters of record, CONCLUDES that the Motion should be GRANTED, for the reasons stated herein.

*Everett Gaskins Hancock LLP, by Everett D. Gaskins, Esq. and James M. Hash, Esq., for Plaintiffs.*

*Defendant Coy E. Brewer*, pro se.

*Defendant Ronnie A. Mitchell,* pro se.

Jolly, Judge.

## PROCEDURAL HISTORY

[1]     Plaintiffs designated this civil action to the North Carolina Business Court on July 5, 2006. On August 2, 2006, Plaintiffs filed their Amended Complaint, on which the action is now based. Thereafter, over a number of years, numerous substantive and procedural disputes and issues were considered by the court. There have been several significant milestones that have occurred during the lengthy and somewhat tortuous path of this contentious litigation. For example, on May 8, 2007, the court entered its Order reflecting its opinion and denying Defendants' Motion to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6). Thereafter, on May 31, 2009, the court entered its Opinion and Order granting in part and denying in part the parties' respective Motions for Summary Judgment pursuant to Rule 56 ("May 31 Order"). Pursuant to Rule 54(b), in its May 31 Order the court certified for immediate appeal the rulings therein that constituted final judgment as to one or more material issues in this matter. Thereafter, by opinion dated February 1, 2011, the North Carolina Court of Appeals affirmed ("COA Opinion"), in part, and reversed, in part, the court's rulings reflected in its May 31 Order. The COA Opinion remanded the case to this court for further proceedings consistent with the COA Opinion. Still thereafter, on February 26, 2013, consistent with the mandate of the COA Opinion, the court entered its Opinion and Order Dissolving Company and Appointing Special Master ("Reference Order"). Between each of the foregoing milestones, the court and parties engaged in significant dialogue, motions and procedural practice.

[2]     Pursuant to the Reference Order, the named Plaintiff law firm, Mitchell, Brewer, Richardson, Adams, Burge & Boughman ("Company") was dissolved, and Adams Martin & Associates PA ("Adams Martin"), a public accounting firm experienced in law firm accounting was appointed a Special Master to act as a referee ("Referee") in this matter pursuant to Rule 53. Adams Martin was charged by the court with reviewing the Company's records and creating a report for the court regarding the Company's financial status, consistent with the COA Opinion and the court's Reference Order.

[3]     Thereafter, Adams Martin undertook its work as Referee. It worked diligently and expended extensive time and effort in retrieving, compiling and analyzing the various relevant records of the parties to this matter, all consistent with the Reference Order. On July 18, 2014, the Referee submitted its report to the court as required by the Reference Order ("Referee's Report"). On February 13, 2015, the Referee's Report was filed in the record.

[4]     All claims raised in this action have been resolved between the Plaintiffs and Defendants Richardson and Brittain, two of the original Defendants. Only Defendants Brewer and Mitchell remain as parties Defendant.[1] Defendants Brewer and Mitchell jointly filed their Exceptions and Objections Regarding Report of Special Master on March 13, 2015 ("Exceptions").

[5]     On April 1, 2015, Plaintiffs filed the instant Motion, by which they ask the court to adopt and enter judgment upon the Referee's Report. The court held a hearing on the Motion on May 8, 2015. Plaintiffs' counsel and Defendant Mitchell were in attendance and presented oral argument. Defendant Brewer did not attend.

---

[1] Plaintiffs filed Notice of Dismissal as to Defendant William O. Richardson on October 8, 2014, and as to Defendant Charles Brittain on June 2, 2015.

3

[6]     The Motion has been fully briefed and argued and is ripe for determination by the court.

DISCUSSION

[7]     Defendant Mitchell asserts that he preserved the right to a jury trial by objecting to the Reference Order entered on February 26, 2013.  (Defendant Brewer makes no such assertion).  Defendant Mitchell points to footnote 1 in his Submission Regarding Authority on Order with Reference to Special Master ("Submission"), which was filed on April 15, 2012, more than six months before the court entered the Reference Order, as the source of that objection. Rule 53(b)(2) provides in pertinent part that in order to preserve the right to a jury trial a party must do so by, "objecting to the order of compulsory reference at the time it is made."  Defendant Mitchell did not do so and thus has no such right.

[8]     Defendants Mitchell and Brewer assert in their Exceptions that the Reference Order did not sufficiently define the methodology to be employed and the scope of the responsibilities and powers of the Referee.  This objection is untimely and should have been made at the time of the Reference Order so that the court could have addressed any perceived shortcomings.  Further, the court finds and concludes that the Reference Order is sufficiently clear and specific with reference to the duties and powers of the Referee.

[9]     The Exceptions include several specific exceptions, all of which the court has carefully considered.  These deal with contentions about capital accounts, the amount of debt at the dissolution date, alleged unpaid salary matters and the method of computing any credit to be given for pre-dissolution efforts by the respective parties as

4

opposed to post-dissolution efforts in litigation engagements at issue between the parties.

[10]    The court has reviewed the Referee's Report and the seven exhibits that support it. The court is satisfied that the Referee's Report complies with the Reference Order, is supported by competent evidence and that the conclusions reached in the Referee's Report are supported by the facts found.

[11]    The court rejects the contention advanced by Defendant Mitchell in oral argument that no appropriate opportunity was afforded to the Defendants to provide contrary evidence to the Referee. The court required the Referee to provide the written Referee's Report to the parties and thereafter provided a courtroom where all parties were invited to attend so that they could raise questions and discuss the Referee's Report with the referee before the Referee's Report was filed in the record. Defendant Mitchell did so. Defendant Brewer did not. In addition, Plaintiffs noticed a deposition for the Referee's staff who prepared the Report. That deposition provided another opportunity for Defendants to present contrary evidence to the Referee and question the factual contents of the Referee's Report. Defendant Mitchell participated in that deposition. Defendant Brewer did not. Only after giving the parties these opportunities to provide input did the court order the Referee's Report to be filed.

CONCLUSION

NOW THEREFORE, based upon the foregoing, and pursuant to Rule 53(g)(2), the court hereby FINDS and CONCLUDES and ORDERS that:

[12]    The Referee's Report is ADOPTED in its entirety as constituting the findings and conclusions of the court.

5

[13]    Judgment hereby is ENTERED against Defendant Coy R. Brewer, Jr., in the principal amount of $102,578.00, in favor of Plaintiffs Glenn B. Adams, Harold L. Boughman, Jr. and Vickie L. Burge. Any recovery on this Judgment from Defendant Brewer shall be shared by the Plaintiffs in the following proportions: 30.4% to Plaintiff Adams, and 26.9% to Plaintiff Boughman and 42.7% to Plaintiff Burge. Defendant Brewer shall be taxed with interest and costs, as appropriate.

[14]    Judgment hereby is ENTERED against Defendant Ronnie A. Mitchell, in the principal amount of $102,578.00, in favor of Plaintiffs Glenn B. Adams, Harold L. Boughman, Jr. and Vickie L. Burge. Any recovery on this Judgment from Defendant Mitchell shall be shared by the Plaintiffs in the following proportions: 30.4% to Plaintiff Adams, and 26.9% to Plaintiff Boughman and 42.7% to Plaintiff Burge. Defendant Brewer shall be taxed with interest and costs, as appropriate.

[15]    This Opinion, Order and Judgment does not constitute a final disposition of this civil action, as there remain unresolved claims and counterclaims.  Should any party wish to propound a dispositive motion relative to any currently-unresolved claims or counterclaims in this matter, such motion with supporting briefs and materials shall be filed no later than October 12, 2015. Responses and replies relative to any such motion(s) shall be determined by the appropriate North Carolina Business Court Rules.

[16]    The court will bring this matter on for hearing to determine any further pending issues, including interest and costs as appropriate, at 11:00 a.m., on Tuesday, December 8, 2015, in the North Carolina Business Court, Courtroom 3B of the Wake County Courthouse, 316 Fayetteville Street, Raleigh.

SO ORDERED.

This the 18th day of September, 2015.


                    /s/ John R. Jolly, Jr.
                    John R. Jolly, Jr.
                    Retired/Recalled Emergency Superior Court Judge